## WIGINGTON v. UNITED STATES. *

(Circuit Court of Appeals, Fourth Circuit. February 16, 1924.)

No. 2198.

1. **Criminal law ⬤⇒743—Truth of defendant's testimony establishing defense for jury.**

Where defendant has testified to facts constituting a legal defense, he is entitled to have the question of the truthfulness of his testimony submitted to the jury, though his testimony is in conflict with that of the government.

2. **Criminal law ⬤⇒743—Failure to submit defendant's testimony, not constituting legal defense, not error.**

In a prosecution for selling whisky in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½ et seq.), in which it was perfectly clear from defendant's own account of the transaction that he was acting as seller's agent, and that the sales could not have made the sales charged without defendant's aid and assistance, the failure to submit defendant's testimony to the jury *held* not error, since in such case the facts stated did not constitute a legal defense.

3. **Intoxicating liquors ⬤⇒146(3)—Defendant, who assisted in making sales of whisky, held guilty of "selling" whisky, in violation of National Prohibition Act.**

One who told buyer of whisky that he knew a man from whom buyer could obtain whisky, and who purchased the whisky from seller with money given him by buyer, was guilty of "selling" whisky, in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½ et seq.), since he was acting as seller's agent, without whose aid and assistance the seller could not have made the sales.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Sell.]

In Error to the District Court of the United States for the Eastern District of Virginia, at Richmond; D. Lawrence Groner, Judge.

Joe Wigington was convicted of selling whisky in violation of the National Prohibition Act, and he brings error. Affirmed.

Robert H. Talley and L. O. Wendenburg, both of Richmond, Va. (John P. Flanagan, of Richmond, Va., on the brief), for plaintiff in error.

Paul W. Kear, U. S. Atty., of Norfolk, Va. (Callom B. Jones, Asst. U. S. Atty., of Richmond, Va., on the brief), for the United States.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

ROSE, Circuit Judge. [1-3] The plaintiff in error, defendant below and so spoken of herein, was convicted of having on September 10, 1923, sold whisky in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½ et seq.).

The defendant's account of the transaction, in so far as it is relevant to the error he assigns, is that on September 9 a man previously unknown to him, but giving the name of "Stead," or some name of similar sound, had called on him at his shop with a sample of Irish whisky and told defendant he could sell him any quantity he desired; that defendant told his visitor that he did not want any whisky, but the latter

replied he would be at room 60, Gilbert's Hotel, and if he wanted any whisky to come to him. On September 10 a person, who it now turns out was a prohibition agent, came to defendant's garage and asked defendant to get him some whisky, explaining that he wanted it to aid the next day in the celebration of a Jewish holiday. Defendant said he at first refused and the applicant left, but later came back and renewed his request, and defendant finally told him that he knew a man from whom he could obtain the whisky. The would-be purchaser then handed him $15, and he (the defendant) went to Gilbert's Hotel and got two pints of Irish whisky from the occupant of room 60, and later on the same day, the same buyer returned with another party, whom it also turned out was a prohibition agent, and asked for two more pints, and gave him $15, with which he (the defendant) went back to the room of the hotel and purchased the whisky.

Much of the story was in conflict with the testimony for the government, but, if it constitutes a legal defense to the charge made against him, defendant was entitled to have its truthfulness submitted to the jury, and this was not done. Putting on one side all question as to whether a buyer of whisky does not necessarily aid and abet in the illegal act of its sale, and is therefore punishable as a seller (Jin Fuey Moy v. United States, 254 U. S. 189, 41 Sup. Ct. 98, 65 L. Ed. 214), it was perfectly clear, from defendant's own account of the transaction, that he was in part, at least, acting as an agent for the seller. The seller's address had been left with him the day before, in order that just such use of it should be made as defendant did make. Without his aid and assistance, that particular seller could not have made the sales charged, and therefore, according to his own story, he did aid and assist in the making of them.

Affirmed.