### ALLEN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. June 1, 1925.)

No. 4485.

1. **Criminal law** ⬅️815(3) — **Instruction held properly refused, as not applicable to the evidence.**

A requested instruction, directing acquittal if defense of entrapment was established in a sale of whisky, *held*, properly refused, where defendant denied one of the sales charged, and claimed entrapment as to the other only.

2. **Intoxicating liquors** ⬅️239(2)—**Instruction as to assisting another to procure liquor properly refused as inapplicable.**

Instruction that one procuring or buying liquor for another, or assisting him to buy or procure liquor, was not guilty of selling, though money and liquor passed through his hands, etc., was properly refused, as not justified by evidence, where money paid was found on defendant's person and had not "passed through his hands."

3. **Intoxicating liquors** ⬅️146(3) — **Defendant held guilty of selling whisky procured for buyer.**

Defendant, who, with money furnished by the buyer, bought whisky from a third party, which he delivered to buyer, *held* chargeable with the sale.

In Error to the District Court of the United States for the District of Oregon; Charles E. Wolverton, Judge.

Criminal prosecution by the United States against Ezra Allen. Judgment of conviction, and defendant brings error. Affirmed.

The plaintiff in error was convicted on two counts of an information which charged him, respectively, with unlawfully possess-

ing and selling intoxicating liquor. There was evidence that a federal prohibition agent had information that the prohibition law was being violated at a certain pool hall at La Grande, Or. Under his instructions, one Pierce went to the pool hall, and there met an acquaintance, of whom he inquired where he could purchase liquor, and the latter introduced him to the plaintiff in error. There was evidence that Pierce then asked the plaintiff in error to sell him a bottle of whisky; that in the lavatory in the back of the pool hall the plaintiff in error gave Pierce a pint bottle of moonshine whisky, for which he was paid $3.50 in marked money; that later in the day Pierce again asked the plaintiff in error for whisky, and purchased of him a second pint bottle of whisky, for which Pierce paid $3.50 in marked money; that the plaintiff in error was then arrested, and an additional pint bottle of whisky was taken from his possession; that he was searched, and 50 cents of the marked money paid for the first bottle and the $3.50 paid for the second bottle were recovered from him. The plaintiff in error, testifying in his own behalf, denied that he sold Pierce a bottle of whisky in the morning of that day, but admitted that he handed him a bottle of whisky in the afternoon, and received $3.50 from him; but he testified that Pierce kept after him to get a bottle, kept it up all the time, and so persistently urged him that he finally procured a bottle from another and handed it to Pierce. His testimony as to the insistency and urging of Pierce was contradicted by the latter.

Thomas Mannix and S. J. Silverman, both of Portland, Or., for plaintiff in error.

George Neuner, Jr., U. S. Atty., and Forrest E. Littlefield, Asst. U. S. Atty., both of Portland, Or.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] The plaintiff in error relies upon the defense of entrapment. On that subject the court instructed the jury, defining entrapment in general terms; but error is assigned to the refusal of a requested instruction more fully covering the particular facts which were testified to by the plaintiff in error. The defense of entrapment related only to the sale of the second bottle of whisky. The plaintiff in error in his testimony denied the sale of the first bottle and denied possession of the third bottle. The instruction so requested was that, "if the jury believe from the evidence that the defendant was induced by the importunities of the prohibition agents to violate the law, and that through the instigation of either or both of them he was induced to sell them the intoxicating liquors, and that he would otherwise not have violated the law, then you should return a verdict of not guilty." Assuming that, in view of the defendant's testimony, such an instruction as to entrapment might properly have been given concerning the sale of the second bottle of whisky, there was no error in its denial by the trial court, for it wholly ignored the testimony which tended to prove the sale of the first bottle, and would have authorized the jury to acquit the defendant if they found that he was entrapped into making the second sale.

[2] Error is also assigned to the denial of the following requested instruction: "Where one person procures or buys intoxicating liquor for another, or assists him to buy or procure such liquor, he is not guilty of making a sale of such liquor, notwithstanding that both the money and the liquor passed through his hands, providing he has no interest in the liquor or in the price, or acts as an agent or intermediary of the buyer, and not of the seller." Such an instruction was not justified by the evidence. It was distinctly shown, and it was not denied by the plaintiff in error, that the identical money which was paid him for the second bottle of whisky was taken from his person at the time of his arrest. The money, therefore, had not "passed through his hands," but it remained with him. When testifying in his own behalf, in answer to his counsel's question, "You admit selling one bottle to Officer Pierce?" he answered: "Yes; I admit selling. I didn't make a cent on it. The fellow just made a transfer. He simply handed the money to me and says, 'If this fellow comes back, I will get it.' He came back in about half hour, I think it was, and Pierce took the bottle. * * * Q. What time did you make this sale to Mr. Pierce? A. Sometime right after 4 o'clock."

[3] In Wiginton v. United States (C. C. A.) 296 F. 125, it was held that one who told a buyer of whisky that he knew a man from whom whisky could be obtained, and who purchased the whisky from the seller with money given him by the buyer, was guilty of selling whisky in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), since he

was acting as the seller's agent. Certiorari denied, 264 U. S. 596, 44 S. Ct. 454, 68 L. Ed. 867. There was no error, therefore, in denying the requested instruction.

The judgment is affirmed.